IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BRITTON ESPOSITO; CHRISTIAN FRESNO;
BENJAMIN KUTYLO; ALLYSON ESPOSITO;
and ALLYSON ESPOSITO, as mother and
next friend of JANIE DOE, a minor                                        PLAINTIFFS

V.                              CASE NO. 5:20-CV-5204

AIRBNB ACTION, LLC; AIRBNB PAYMENTS,
INC.; AIRBNB, INC.; PUERTO PANAL FARM
CLUB PROPERTY ASSOCIATION AND
ASSOCIATION BOARD; MATIAS JOSE
FERNANDEZ; LINDSAY OLSON; and OTHER
OWNER(S) AND/OR AIRBNB HOSTS OF FARM
HOUSE CHAKRA 82, BUENOS AIRES, ARGENTINA        DEFENDANTS

**OPINON AND ORDER GRANTING MOTION
TO COMPEL ARBITRATION AS TO AIRBNB**

Defendants Airbnb Action, LLC; Airbnb Payments, Inc.; and Airbnb, Inc. (collectively, "Airbnb") filed a Motion asking the Court to stay the proceedings and compel Plaintiffs to arbitrate their claims against Airbnb. *See* Docs. 60 & 61. The Motion also seeks dismissal of claims by Plaintiffs Britton Esposito and Christian Fresno. Plaintiffs have not filed a response. However, Airbnb previously made a similar motion before the case was transferred to this Court, and that motion was fully briefed. Therefore, the Court has considered Plaintiffs' response in opposition to the prior motion (Doc. 38) and Airbnb's reply (Doc. 41). For the reasons below, the Court **GRANTS IN PART AND DENIES IN PART** Airbnb's Motion (Doc. 60).

In November 2019, Plaintiff Allyson Esposito used the Airbnb platform to make a reservation at a property outside of Buenos Aires referred to as the Farm House, located in the Puerto Panal neighborhood. Allyson and the other Plaintiffs—Britton Esposito,

1

Christian Fresno, Benjamin Kutylo, and Allyson's minor daughter—were all guests at the Farm House on the night of November 21, 2019, when four masked, armed men assaulted and robbed them.

Plaintiffs initially filed suit in the District Court for the Northern District of Illinois. Airbnb filed a motion seeking various alternative forms of relief—dismissal, stay pending arbitration, or transfer to this district. The District Court for the Northern District of Illinois granted the motion to transfer and denied the other relief without prejudice to Airbnb renewing such a motion before this Court.

Airbnb now renews its motion to stay proceedings and compel arbitration and to dismiss the claims brought by Britton and Christian. To its Motion, Airbnb attached a copy of the Airbnb Terms of Service ("TOS") that Plaintiff Allyson Esposito accepted before making the reservation at the Farm House. *See* Doc. 61-2, pp. 2, 27–49. These TOS contain the following language:

> You and Airbnb mutually agree that any dispute, claim or controversy arising out of or relating to these Terms or the applicability, breach, termination, validity, enforcement or interpretation thereof, or to the use of the Airbnb Platform, the Host Services, the Group payment Service, or the Collective Content (collectively, "Disputes") will be settled by binding individual arbitration (the "Arbitration Agreement").

*Id.* at p. 46, ¶ 19.4.

The Federal Arbitration Act ("FAA") permits private parties to agree that disputes between them will be resolved through arbitration rather than the courts. *See* 9 U.S.C. § 2. Where the parties have made a written agreement to arbitrate, a court's only inquiry is whether the contract is validly formed. *Id.* Additionally, parties may contract to delegate decisions regarding these threshold issues of validity and arbitrability to an arbitrator. *See Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010). So long as there is

2

"clear and unmistakable evidence" that the parties intended to arbitrate questions of arbitrability, a court must leave such determinations to the arbitrator as well. *Henry Schein, Inc. v. Archer and White Sales, Inc.*, 139 S. Ct. 524, 530 (2019) (internal quotation marks omitted). Where the arbitration agreement contains a delegation clause, a party opposing a motion to compel must specifically challenge the validity of the delegation clause under contract-formation principles. *See Rent-A-Center, West*, 561 U.S. at 72. It is not sufficient to challenge the validity of the contract generally. *See id.*

The language in the TOS quoted above explicitly delegates disputes regarding the applicability, validity, enforcement, and interpretation of the arbitration agreement to the arbitrator, so the Court may only consider challenges to the validity of the delegation clause. Plaintiffs filed no briefing before this Court in response to Airbnb's renewed Motion, but their response to Airbnb's previous motion makes two arguments in opposition to arbitration. First, Plaintiffs argue that Airbnb's failure to comply with the requirements of 15 U.S.C. § 7001, which imposes requirements for the legal effect and validity of electronic records, makes the contract unenforceable. This argument focuses not on the TOS, but on Airbnb's failure to provide a copy of Allyson's contract with the owners of the Farm House. Plaintiffs' second argument is that Airbnb failed to comply with the TOS by seeking to compel arbitration without having first engaged in informal dispute resolution directly with the customer as described in paragraph 19.2 of the TOS.

Both of these arguments challenge the applicability and validity of the arbitration agreement generally, which is delegated to the judgment of the arbitrator. Pursuant to paragraph 19.4 of the TOS, the arbitrator must be the one to decide whether there is another contract that governs the relationship between the parties, whether the

3

requirements for a valid electronic contract are satisfied, and whether preconditions for arbitration have been met. Since Plaintiffs have not raised any challenges to the delegation clause specifically, the Court is bound to enforce the agreement and let an arbitrator decide Plaintiffs' challenges to the validity and applicability of the arbitration agreement generally.

For the same reason, the Court will not dismiss Britton and Christian's claims but will refer all claims against Airbnb to arbitration. There are clearly some threshold issues that will need to be decided—whether Britton and Christian's claims are governed by Allyson's TOS because she acted as their agent in making the reservation or if they consented to the TOS in their own right and whether they are subject to different terms because they are residents of Argentina—but each of these is a question of the applicability of the TOS that is entrusted to the arbitrator.

In conclusion, Airbnb's Motion (Doc. 60) is **GRANTED IN PART AND DENIED IN PART**. Insofar as the Motion seeks to stay the proceedings and compel arbitration, it is **GRANTED**. These proceedings are **STAYED** pending arbitration as to Counts V, VI, XI, XII, XVII, XVIII, XXIII, XXIV, and XXIX–XXXI. Counts XXXII and XXXIII are also **STAYED** as to Defendants Airbnb Action, LLC; Airbnb Payments, Inc.; and Airbnb, Inc. These counts as to these Defendants are **COMPELLED** to arbitration. Insofar as the Motion seeks the dismissal of claims brought by Plaintiffs Britton Esposito and Christian Fresno, it is **DENIED**. The other claims (Counts I–IV, VII–X, XIII–XVI, XIX–XXII, and XXV–XXVIII) remain before this Court, as do Counts XXXII and XXXIII as to the non-Airbnb Defendants (Puerto Panal Farm Club Property Association and Association Board, Matias Jose Fernandez, and Lindsay Olson).

**IT IS SO ORDERED** on this 19th day of January, 2021.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE