IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| BRITTON ESPOSITO; CHRISTIAN FRESNO; BENJAMIN KUTYLO; ALLYSON ESPOSITO; and ALLYSON ESPOSITO, as mother and next friend of JANIE DOE, a minor | | PLAINTIFFS |
| V. | CASE NO. 5:20-CV-5204 | |
| AIRBNB ACTION, LLC; AIRBNB PAYMENTS, INC.; and AIRBNB, INC. | | DEFENDANTS |

## OPINION AND ORDER

On January 19, 2021, the Court granted a motion to compel arbitration filed by Defendants AirBNB Action, LLC, AirBNB Payments, Inc., and AirBNB, Inc. (collectively, "AirBNB"). *See* Doc. 78. The case was administratively terminated, and the parties were ordered to bring their dispute before an arbitrator. It appears, however, that Plaintiffs never opened an arbitration case. According to Plaintiffs, several months after this Court ordered them to arbitration, they discovered that AirBNB had publicly announced a change to their arbitration policy: all sexual assault or sexual harassment claims brought against AirBNB would no longer be subject to mandatory arbitration. Although the original complaint in this case did not contain a sexual assault claim, Plaintiffs contend they could plausibly plead such a claim if given the opportunity.

On January 18, 2022, Plaintiffs filed a Motion (Doc. 86) requesting vacatur of the Court's January 19, 2021 order directing the parties to arbitration. The Motion also requests leave to file an amended complaint and for limited discovery. In response to the Motion, AirBNB states the following position:

> Defendants do not oppose Plaintiffs' request to vacate the Arbitration Order or to amend the complaint to include allegations of sexual assault (i.e.,

1

>paragraphs 71–88 of the proposed First Amended Complaint). However, the remainder of Plaintiffs' requests—for discovery and for leave to add additional allegations beyond the new claims of sexual assault—should be denied. Plaintiffs have offered no legal basis for the extensive modifications they seek. And not only is their request for discovery moot, but the allegations that underpin it are also contradicted by the record.

(Doc. 87, p. 5).

The Court construes the above as a knowing and intentional waiver of AirBNB's right to arbitration in this case. The matter will be reopened, and the Court will vacate the portion of its earlier order (Doc. 78) that directs the parties to arbitration. The Court will also grant leave to Plaintiffs to file an amended complaint asserting new allegations of sexual assault against AirBNB; however, the proposed amended complaint attached to the Motion (Doc. 86-2) is unsuitable for filing as it includes claims against certain individuals and entities that were previously dismissed for lack of personal jurisdiction. *See* Doc. 85 (dismissing Matias Jose Fernandez, Lindsay Olson, and Puerto Panal Farm Club Property Association and Association Board). Plaintiffs have not asserted any legal basis for reconsidering the dismissal of these defendants, and they remain dismissed. Therefore, Plaintiffs will be granted leave to file an amended complaint that asserts claims only against the AirBNB Defendants.[1]

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Reconsideration and to Vacate Order (Doc. 86) is **GRANTED IN PART AND DENIED IN PART**. The Court hereby **VACATES** its prior order of January 19, 2021 (Doc. 78) to the extent the order

---

[1] The Court declines AirBNB's invitation to preemptively limit the scope and content of the claims Plaintiffs intend to file against it. If AirBNB believes any claim, once filed, is subject to dismissal, AirBNB may file an appropriate motion to that effect. Along the same lines, the Court also declines AirBNB's invitation to preemptively limit the scope of discovery in this case.

directs Plaintiffs and AirBNB to arbitration, as the Court finds that AirBNB has now waived its right to arbitration. The Court **GRANTS LEAVE** to Plaintiffs to file an amended complaint that adds a cause or causes of action against AirBNB for sexual assault; however, the Court **DENIES LEAVE** to file the proposed amended complaint attached to Plaintiffs' Motion (Doc. 86-2), as the proposed pleading includes claims against defendants who were previously dismissed for lack of personal jurisdiction.

The Clerk of Court is **DIRECTED** to **REOPEN THE CASE**.

**IT IS FURTHER ORDERED** that Plaintiffs file an amended complaint that comports with this Order by no later than **March 4, 2022**. Following that, the Court will issue an initial scheduling order and set a case management hearing for the purpose of establishing pertinent dates and deadlines, including a trial date.

**IT IS SO ORDERED** on this 25th day of February, 2022.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE